

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELAINE L. CHAO<br>Secretary of Labor,<br>United States Department of Labor,<br>200 Constitution Avenue, N.W.,<br>Washington, D.C.  20210<br><br>Plaintiff,<br><br>v.<br><br>LOCAL 57, LABORERS INTERNATIONAL UNION<br>OF NORTH AMERICA, AFL-CIO<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>NO._O3 - 279_ |

**COMPLAINT**

I

Plaintiff brings this action under Title IV of the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519 et seq., 29 U.S.C. §§ 401 et seq.), hereinafter referred to as the Act.

II

Jurisdiction of this action is conferred upon the Court by section 402(b) of the Act (29 U.S.C. § 482(b)).

III

Defendant is, and at all times relevant to this action has been, an unincorporated association maintaining its principal office at 500-506 N. 6th Street, City of Philadelphia, County of Philadelphia, Commonwealth of Pennsylvania, within the jurisdiction of this Court.

IV

Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of section 3(i), 3(j) and 401(c) of the Act (29 U.S.C. §§ 402(i), 402(j) and 481(c)).

V

Defendant is, and at all times relevant to this action has been, chartered by and subordinate to the Laborers International Union of North America, AFL-CIO, an international labor organization engaged in an industry affecting commerce within the meaning of sections 3(i) and 3(j) of the Act (29 U.S.C. § 402(i) and 402(j)).

VI

Defendant, purporting to act pursuant to its Constitution and Bylaws, conducted its regular election of officers on May 29, 2002, which was subject to the provisions of Title IV of the Act (29 U.S.C. §§ 481 et seq.).

VII

On June 26, 2002, William Perry, a member of Defendant and an unsuccessful candidate for Business Manager in the 2002 union election, hand delivered a protest of the election to the office of the Special Elections Officer. The Special Elections Officer did not issue a final decision within three calendar months. Perry filed a timely complaint with the Secretary of Labor on October 25, 2002, in accordance with section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

VIII

By letters dated November 17, 2002 and December 18, 2002, Richard Kirschner, attorney for Local 57, agreed that the time within which plaintiff may bring suit with respect to the election be extended from December 24 to January 21, 2003.

IX

Pursuant to section 601 of the Act (29 U.S.C. § 521), and in accordance with section 402(b) of the Act (29 U.S.C. § 482(b)), plaintiff investigated the complaint and as a result of the facts shown by this investigation, found probable cause to believe that a violation of Title IV of the Act (29 U.S.C. §§ 481 et seq.) occurred in the conduct of the election and had not been remedied at the time of the institution of this action.

X

On May 22, 2002, Perry requested that Defendant's officers mail Perry's campaign literature to the members of Local 57 on May 24, 2002. Defendant denied this request. Defendant violated section 401(c) of the Act (29 U.S.C. § 481(c)) by failing to comply with Perry's reasonable request to have his campaign literature mailed.

XI

Three employees of Defendant campaigned against Perry at the Northeast Airport on May 21, 2002. These individuals were at work, being paid by Defendant, while they campaigned. Defendant violated section 401(g) of the Act (29 U.S.C. § 481(g)) by using union moneys to promote the candidacy of a candidate.

XII

The violations of sections 401(c) and 401(g) of the Act (29 U.S.C. §§ 481(c) and 481(g)) found and alleged above may have affected the outcome of the defendant's election for the office of Business Manager.

WHEREFORE, plaintiff prays for judgment:

(a)    declaring defendant's May 29, 2002, election for the office of Business Manger to be null and void;

(b)    directing defendant to conduct a new election for Business Manager under the supervision of plaintiff;

(c)    for the costs of this action; and

(d)    for such other relief as may be appropriate.


HOWARD M. RADZELY
Acting Solicitor of Labor

CAROL A. DE DEO
Associate Solicitor

CATHERINE OLIVER MURPHY
Regional Solicitor

ANDREW D. AUERBACH
Counsel for Labor-Management Programs

JAMES BLAIR
Attorney

U.S. Department of Labor
  Of Counsel


ROBERT MCCALLUM
Assistant Attorney General

PATRICK L. MEEHAN
United States Attorney

By: _____
SONYA FAIR LAWRENCE
Assistant United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, Pennsylvania 19106
(215) 861-8200


Attorneys for Plaintiff


4